ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BRUCE TIMOTHY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-025 |
| | ) | |
| FRED BURNETTE, Warden, Telfair State | ) | |
| Prison, and THURBERT BAKER, Attorney | ) | |
| General of the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the above-captioned petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

On November 8, 1999, Petitioner pled guilty in the Superior Court of Laurens County, Georgia, to "possession with intent to distribute." (Doc. no. 1, pp. 3-4). Petitioner was sentenced ten (10) years of imprisonment. (Id. at 4). Petitioner did not seek direct review of his conviction in the Georgia Court of Appeals or Supreme Court. (See id.).

Petitioner filed a state petition for a writ of habeas corpus in the Superior Court of Chatham County, Georgia, on February 12, 2005. (Id.). Petitioner argued that: (1) he received ineffective assistance of counsel; (2) he was denied assistance of counsel; (3) he was denied due process; (4) his confession was coerced; (5) he was subjected to an unconstitutional stop, search, and seizure; (6) he was denied access-to-the-courts; and (7) he was denied equal protection of the law. (Id.). After an evidentiary hearing, the state habeas court denied Petitioner's state habeas petition on January 24, 2006. (Id. at 5). Thereafter, Petitioner filed an application for a certificate of probable cause to appeal, which was denied by the Supreme Court of Georgia. (See id. at 5 & 10).

On February 29, 2008, Petitioner executed the above-captioned federal petition for a writ of habeas corpus. (Id. at 13). Petitioner argues that: (1) he was denied assistance of counsel; (2) he was denied due process; (3) his conviction was obtained through the use of a coerced confession; (4) his conviction was based on unconstitutionally obtained evidence; (5) he was denied access-to-the-courts; (6) he received ineffective assistance of counsel;[2] and (7) he was denied due process. (Id. at 7-11).

---

[2] Petitioner asserts this claim in Grounds Six and Seven of the above-captioned petition. (Doc. no. 1, pp. 9-10). Petitioner submits, *inter alia*, that Mr. Clay Tapley, who represented Petitioner during his plea hearing in the Superior Court of Laurens County, Georgia (see id. at 12), had a conflict of interest that he failed to disclose to Petitioner or the state trial court. (Id. at 9).

2

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, Petitioner's conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner pled guilty and was sentenced in November 1999 (see doc. no. 1, p. 4), the 30-day time-period prescribed under § 5-6-38(a), in which

3

Petitioner could appeal his conviction, began at that time. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, the Court will presume that Petitioner's conviction became final in December 1999.[3]

B.   **Application of the Statute of Limitations**

Under the AEDPA, Petitioner had one year from December 1999, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas corpus petition on or about February 12, 2005, the one-year statute of limitations for filing a federal habeas corpus petition had long-since expired. Therefore, this statutory tolling provision of the AEDPA is of no help to Petitioner because he did not commence his state habeas corpus proceedings until after the one-year period had expired for filing a federal habeas corpus petition, and therefore, no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

---

[3] In this regard, the Court notes that the above-captioned petition does not indicate the exact date on which Petitioner was sentenced.

4

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(quoted *supra*). Here, Petitioner *arguably* asserts one of these possibilities for statutorily extending his federal filing deadline. In this regard, Petitioner argues that one basis of his ineffective assistance of counsel claim, namely the alleged conflict of dual representation, arises from a newly discovered factual predicate which could not have been discovered at an earlier date through the exercise of due diligence.[4] (See doc. no. 1, p. 9). If established, this provision would act to reinitiate § 2244(d)'s limitation period on the proven date, such that the limitations period would not run from the date Petitioner's conviction became final.

---

[4]Petitioner alleges that, during the evidentiary hearing held in the state habeas court, Mr. Tapley testified that he represented both Petitioner and Mr. Fred Woods, Petitioner's co-defendant, during the criminal proceedings in the Superior Court of Laurens County, Georgia. (Doc. no. 1, p. 9). Petitioner contends, *inter alia*,

> I only knew Mr. Tapley from him being at some court conferences for Fred. However, Mr. Tapley never obtained nor submitted a [waiver of conflict] document during the process. At the hearing[,] Mr. Tapley stated that Mr. Woods was to testify against me at/during trial, [t]hereby showing a clear conflict of interest.

(Id.). Petitioner submits, "I did not know that [Mr.] Clay Tapley would claim to have been both my attorney and co[-]defendant's attorney until [t]he habeas hearing." (Id. at 12).

C.  **Applying § 2244(d)(1)(D) to the Relevant Facts**

Section 2244(d)(1)(D) requires the Court to determine the date on which the factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence. The critical determination is the date on which the factual predicate *could have been* discovered, not the date it was actually discovered. See 28 U.S.C. § 2244(d)(1)(D) (emphasis added). The discovery of a factual predicate for the claim is all that is necessary, not the discovery of a legal basis or all evidence supporting the claims. Hereford v. McCaughtry, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). Section 2244(d)(1)(D) does not apply to those who sleep on their rights, only those who could not discover the factual predicate for their claims through the exercise of due diligence. Fisher v. Johnson, 174 F.3d 710, 715, n.14 (5th Cir. 1999).

Petitioner bears the burden of persuading the Court that he exercised due diligence in searching for the factual predicate of the habeas claims. Stokes v. Leonard, 36 Fed. Appx. 801, 804 (6th Cir. 2002). A petition that "merely alleges that the applicant did not actually know the facts underlying his or her claim" does not pass the due diligence test. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997) (interpreting due diligence in the 28 U.S.C. § 2244(b)(1)(B)(i) context regarding the filing of successive petitions). Petitioner must "show some good reason" why the facts could not have been discovered through the exercise of due diligence. Id.

Clearly, the mere assertion that Petitioner did not discover, until the state habeas court's evidentiary hearing, the factual predicate underlying his ineffective assistance of counsel claim based on the alleged conflict of dual representation fails to satisfy Petitioner's burden of proving due diligence. Although Petitioner submits that he "did not know that

6

[Mr.] Clay Tapley would claim to have been both [his] attorney and co[-]defendant's attorney until [t]he habeas hearing" (doc. no. 1, p. 12), Petitioner does not allege any impediment to the discovery of this factual predicate within the applicable federal statute of limitations, nor can the Court discern any such impediment. Simply put, Petitioner has failed to set forth any facts demonstrating diligent progress toward the discovery of the factual predicate underlying his claim or that, despite his best efforts, he was not able to assert this claim within the statutory time period. Indeed, Petitioner submits that he was aware that Mr. Tapley represented Mr. Woods at "some court conferences" and indicates that Mr. Tapley represented him during his plea hearing. (Doc. no. 1, pp. 9 & 12). As such, it appears that, during his criminal proceedings, Petitioner was aware, or at least could have discovered through the exercise of due diligence, the factual predicate for his ineffective assistance claim based on the alleged conflict of dual representation. Therefore, § 2244(d)(1)(D) is unavailable to Petitioner.

## D.     Equitable Tolling and Claims of Actual Innocence

Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295, 310-11 (2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (stating that equitable tolling is "'appropriate when a movant untimely

7

files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence'") (citations omitted). Petitioner bears the burden of proving his entitlement to such equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; Petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described this fundamental miscarriage of justice exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Here, Petitioner fails to argue, and there is simply nothing in the record to suggest, that he is entitled to equitable tolling. Furthermore, upon review of the above-captioned

8

petition, Petitioner has failed to argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither equitable tolling nor the fundamental miscarriage of justice exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal habeas corpus petition, and (3) Petitioner has not alleged any extraordinary circumstances to justify equitable tolling nor has he presented any arguments to support a claim of actual innocence, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that the above-captioned petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of May, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE